CHIEF JUSTICE
WILLIAMS delivered the opinion of the court:
Appellant, being jailer of Henderson county, was indicted, tried, and found guilty of willful neglect of his official duties, in permitting the jail to become so filthy as to endanger the comfort, health, and lives of the pris *332 oners theh in his custody, and a fine of seventy dollars assessed against him, from which he prosecutes this appeal.
The only error assigned is, that the grand jury had no jurisdiction of the case, as exclusive jurisdiction belonged to the county court, by virtue of section 11, chapter 91,-2 Stanton’s Revised Statutes, 349, which enacts that “it shall be the duty of the county court, from time to time, to prescribe rules for the government and cleanliness of the jail, and the comfort and treatment of prisoners; and the judge of the county court shall inspect the jail at least once a month, and shall have power, by fine or otherwise, to enforce the rules, and punish the jailer for neglect thereof or disobedience thereto.”
By section 9, same chapter, the county court “ shall have power to suspend the jailer of the county from acting as such for such period as it may deem right, when the public interest shall imperatively demand the same.”
By section 36, article 4, State Constitution, it is provided, that “judges of the county court and justices of the peace, sheriffs, coroners, surveyors, jailers, county assessor, attorney for the county, and constables, shall be subject to indictment or presentment for malfeasance or misfeasance in office, or willj'ul neglect in the discharge of their official duties, in such mode as may be prescribed by lawr, subject to appeal to the Court of Appeals; and,, upon conviction, their offices shall become vacant.”
In Horton vs. Commonwealth this court held, that the words in said section, “ in such mode as may be prescribed by law,” refer to official duties that may be so prescribed, and that the officers named therein are subject to indictment by the terms of the Constitution, and that it is not necessary there should be any enactment by the Legislature declaring the mode of proceeding in such cases.
*333 And in Lowe vs. Commonwealth (3 Met., 238) this court held, that the Legislature could not authorize the county judge or county court to permanently suspend the jailer, and declare his office vacant, because such enactment would conflict with said provision of the Constitution, which authorized an ouster from the office on an indictment and judgment of conviction, or by imp.eachment alone.
It is plain, therefore, whatever may be the powers of the county judge to impose fines for a violation of the rules prescribed by the county court, that, for a willful neglect of official duty, an indictment is a proper remedy provided by the Constitution; and, being so provided by the supreme law of the land, no legislative enactment is necessary to give the grand jury jurisdiction.
In this case, the judgment is alone for the fine assessed; whether the office became vacant on the judgment of conviction for willful neglect of official duty, by virtue of the express terms of the Constitution, we need not say nor intimate; but that the grand jury had jurisdiction of the offense is clear; and as no exception was taken to the evidence or ruling of the court, and no bill of exception containing the evidence or instructions is in the ease, we cannot disturb the judgment.
Wherefore, it is affirmed.